Michael H. Jabro (SB# 254349)
GAPPY JABRO LLP
7840 Mission Center Court, Suite 202
San Diego, CA 92108
Telephone: (619) 906-5555
Facsimile: (619) 450-4555

FILED
MAR 27 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Attorneys for Plaintiff Hikmat Jabro

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

| | |
|---|---|
| In re<br>MEE SOON KIM,<br>        Debtor.<br><br>_____<br><br>HIKMAT JABRO, an individual,<br><br>        Plaintiff,<br>vs.<br><br>MEE SOON KIM, an individual, TAE YOUNG KIM, an individual, and DOES 1 through 50 inclusive,<br><br>        Defendants.<br>_____ | Case No. 6:16-bk-20927-MH<br><br>Chapter 7<br><br>Adv. No. _____-MH<br><br>**COMPLAINT FOR FRAUDULENT CONVEYANCE**<br><br>Status Conference:<br><br>Date: To Be Set<br>Time: To Be Set<br>Place: Courtroom 303<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |

    Plaintiff, Hikmat Jabro ("JABRO") hereby alleges for his Complaint against Mee Soon Kim, Tae Young Kim and Does 1 through 50, inclusive (collectively "Defendants"), as follows:

---

COMPLAINT FOR DAMAGES

1

I.

PARTIES

1. Plaintiff, Hikmat Jabro, is, and at all pertinent times was, an individual residing in the State of California, County of San Diego. Plaintiff is a creditor in a bankruptcy action filed voluntarily by Debtor, Mee Soon Kim in this Court.

2. Defendant, Mee Soon Kim, Debtor Mee Soon Kim initiated this case by filing a voluntary petition on December 14, 2016.

3. Defendant Tae Young Kim ("Defendant") is an individual residing in the Central District of California, and is the son of the Debtor. Defendant qualifies as an "insider" of the Debtor as that term is defined in 11 U.S.C. § 101(31).

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.

II.

JURISDICTION AND VENUE

5. Debtor Mee Soon Kim initiated this case by filing a voluntary petition on December 14, 2016 ("Petition Date").

6. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409 because the Debtor's Bankruptcy Case is pending in the Central District of California.

III

FACTUAL BACKGROUND

7. On or about May 2015, Defendant Mee Soon Kim was a commercial tenant at the property located at 829 S. Escondido Blvd., City of Escondido, County of San Diego, State of California operating a business under a fictitious business name as Asia Acupressure. Plaintiff Hikmat Jabro was, at all times relevant, the owner and the landlord at the 829 S. Escondido Blvd., City of Escondido, State of California.

COMPLAINT FOR DAMAGES

1. The Landlord/Tenant relationship between JABRO and Mee Soon Kim was established and governed by the Commercial Lease Agreement that commenced on June 1, 2011 for the initial terms of seven (7) years.

2. On or about May 18, 2015, Plaintiff learned from the City Attorney Office for the City of Escondido that Mee Soon Kim was operating an unlawful business from the property at 829 S. Escondido Blvd., City of Escondido, CA. Specifically, Mee Soon Kim operated an unlawful massage parlor that provided prostitution service at the 829 S. Escondido Blvd., Escondido, CA. A true and correct copy of the letter from the City of Escondido is attached hereto as Exhibit 1.

3. Immediately upon receipt of the letter for the City, JABRO contacted Mee Soon Kim and informed her that she was in breach of the lease agreement by operating an unlawful business at the premises. JABRO further informed Mee Soon Kim that her lease is terminated immediately and she must vacate premises forthwith. JABRO further informed Mee Soon Kim that JABRO intends to pursue legal action against Mee Soon Kim for breach of contract and will seek damages that JABRO suffered as a result of the breach.

4. JABRO subsequently initiated a legal action against Mee Soon Kim in the Superior Court for the County of San Diego. On July 18, 2016 the judgment was entered against Mee Soon Kim in favor of Hikmat Jabro in the amount of $66,532.06.

IV

FIRST CAUSE OF ACTION FOR FRAUDULENT CONVEYANCE

(Against Defendants MEE SOON KIM, TAE YOUNG KIM, and Does 1 through 50)

5. Plaintiff incorporates by reference paragraphs 6 through 10 of this Complaint, and alleges that the fictitiously named defendants are also liable for this claim

6. As a result of aforementioned conduct by Mee Soon Kim that resulted in breach of the commercial lease with JABRO, Defendants had knowledge of pending or potential claims by Plaintiff against Defendant Mee Soon Kim.

7. With knowledge of-said claims, Defendant Mee Soon Kim undertook a plan to transfer all assets to defendant Tae Young Kim. and DOES 1 through 50, inclusive, for the purpose of hindering and delaying Plaintiffs' attempts, or potential efforts to collect on such claims. The transfer

COMPLAINT FOR DAMAGES

of said assets was made for inadequate or no consideration and without the requirements of an "arms length" transaction in violation of Civil Code section 3439, et seq.

8. More specifically, after Mee Soon Kim realized that Plaintiff learned of her breach of the lease agreement, transferred her interests in certain the real properties, without consideration, to Tae Young Kim with the purpose and intent of evading claims of the Plaintiff.

9. On May 22, 2015, Mee Soon Kim executed one Grand Deeds transferring any and all of her interests in two real properties located at 10074 Orchard Ave., Bloomington, CA 92316, APN# 0253-041-33 and 18562 Valley Blvd., Bloomington, CA 92316, APN# 0253-041-32 to Tae Young Kim for no consideration. The Grand Deeds specified that the transfer was a gift and transferor received nothing in return for the transfer. A true and correct copy of the Grand Deed as attached hereto as Exhibit 2.

10. Also, On May 22, 2015, Mee Soon Kim executed a Grand Deeds transferring any and all of interest in real properties located at 1679 West Valencia Street, Rialto, CA 92376, APN# 0243-261-23 to Tae Young Kim for no consideration. The Grand Deeds specified that the transfer was gift and transferor received nothing in return for the transfer. A true and correct copy of the Grand Deed as attached hereto as Exhibit 3.

11. Both Grand Deeds executed by Mee Soon Kim on May 22. 2015 were recorder with the County of San Bernardino July 1, 2015.

12. The transfers of assets as described herein, rendered Mee Soon Kim insolvent, or otherwise unable to, and/or with little or no means of paying said claims.

13. Plaintiff is informed and believes and thereby alleges that in further efforts to hinder and delay Plaintiffs' attempts to collect on the claims, Defendants listed all the properties transferred from Mee Soon Kim to Tae Young Kim for sale. Plaintiff is informed and believes and thereby alleges that property located at 1679 West Valencia Street, Rialto, CA 92376, APN# 0243-261-23 was sold. Plaintiff is informed and believes and thereby alleges that properties located at 10074 Orchard Ave., Bloomington, CA 92316, APN# 0253-041-33 and 18562 Valley Blvd., Bloomington, CA 92316, APN# 0253-041-32 are being currently marketed for sale.

---

COMPLAINT FOR DAMAGES

4

14. The forgoing transfers were done with actual intent to hinder, delay, or defraud Plaintiffs and delaying Plaintiffs' efforts to collect or recover on their claims, and without the debtors receiving a reasonably equivalent value in exchange for the transfers while the debtors believed or reasonably should have believed that they would incur debts beyond their ability to pay as they became due.

15. As a direct and proximate result of the actions complained of herein, Plaintiffs have been and will be damaged in their ability to recover such debt and are entitled to restitution, damages and a constructive trust on such fraudulently conveyed assets or other assets of defendants. Plaintiffs further seek the value of the transferred assets at the time of transfer as damages. The exact amount of said damages is currently unascertainable, however, such amount is in excess of this Court's jurisdictional requirement and will be proven with specificity at the time of trial.

V

PRAYER FOR RELIEF

1. For compensatory, economic and emotional distress damages, in excess of this Court's jurisdiction and according to proof;

2. For prejudgment interest on all amounts claimed;

3. For a constructive trust on the Fraudulently conveyed assets for the benefit of Plaintiffs and satisfaction of any judgment in their favor; and

4. For attorney's fees and costs of suit incurred herein as provided for in the Lease Agreement;

5. All such other and further relief as the Court deems proper.

Dated: 3/22/2017          GAPPY JABRO LLP

By: _____
Michael H. Jabro
Attorney for HIKMAT JABRO

COMPLAINT FOR DAMAGES

5

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Hikmat Jabro | DEFENDANTS<br>Mee Soon Kim, an individual, TAE YOUNG KIM, an individual, and DOES 1 through 50 inclusive |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Michael Jabro, 7840 Mission Center Court, Suite 202, San Diego, California 92108  619.906.5555 | **ATTORNEYS** (If Known) Minh Duy Nguyen, 7344 Van Nuys Boulevard, Ste. 10, Van Nuys, CA 91405 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for (1) Avoidance and Recovery of Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(A) and (B), 550(a)(1) and (2); and, California Civil Code § 3439, et seq.]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ **1** 13-Recovery of money/property - §548 fraudulent transfer
☒ **2** 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation actual fraud

**FRBP 7001(6) – Dischargeability**
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability (continued next column) false pretenses, false representation,

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ **TO BE DETERMINED** |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Mee Soon Kim | BANKRUPTCY CASE NO.<br>6:16-bk-20927-MH | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside Division | NAME OF JUDGE<br>Honorable Mark D. Houle |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Larry Simons, Chapter 7 Trustee | DEFENDANT<br>Tae Young Kim | ADVERSARY PROCEEDING NO.<br>6:17-ap-01012-MH |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside Division | NAME OF JUDGE<br>Honorable Mark D. Houle |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>March 21, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael Jabro | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.